```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                           19 Cr. 709 (JFK)

ROBERT WILLIAM HALL,

            Defendant.
                                         Arraignment
------------------------------x

                                         New York, N.Y.
                                         October 7, 2019
                                         11:15 a.m.
Before:

               HON. JOHN F. KEENAN,

                                         District Judge

                      APPEARANCES

GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
BY: REBECCA T. DELL
    JUN XIANG
    Assistant United States Attorneys

DAVID E. PATTON
    Federal Defenders of New York, Inc.
    Attorney for Defendant
BY: CHRISTOPHER A. FLOOD
    Assistant Federal Defender
```

1        THE COURT:  Good morning, everyone.  You may all be
2   seated for a moment.
3        This is in the matter of United States of America v.
4   Robert William Hall.  We have Ms. Dell here and Mr. Xiang for
5   the government, and Mr. Flood is here for the defendant.  The
6   defendant is present.
7        Would you arraign the defendant, please, Mr. Ryan.
8        THE DEPUTY CLERK:  Mr. Hall, please rise.
9        Have you seen a copy of the indictment in this case?
10       THE DEFENDANT:  Yes, I think I've just seen this.
11       THE DEPUTY CLERK:  Did you discuss it with your
12  attorney?
13       THE DEFENDANT:  I'm sorry for this.
14       THE DEPUTY CLERK:  Do you waive the reading?
15       THE DEFENDANT:  I don't know what that means, waive.
16       MR. FLOOD:  Can I have a moment?
17       (Counsel conferred with defendant)
18       THE DEPUTY CLERK:  Do you waive the indictment, sir?
19       THE COURT:  Waive reading.
20       THE DEFENDANT:  Yes.
21       THE DEPUTY CLERK:  How do you plead?
22       (Counsel conferred with defendant)
23       THE DEFENDANT:  Not guilty.
24       THE DEPUTY CLERK:  Please be seated.
25       THE COURT:  The first thing that I'd like, addressing

1     Ms. Dell, is would you make sure that you get me a copy of the
2     defendant's rap sheet, please, because I don't have one.
3              MS. DELL:  Yes, your Honor.
4              THE COURT:  It would be better if you made that part
5     of your file right at the very beginning, because it's always
6     nice for the judge to know what the defendant's record is.
7              Have you two discussed when you want to adjourn this
8     till?  How long is it going to take to give him discovery?
9              MS. DELL:  Within two weeks we can provide the
10    discovery.
11             THE COURT:  If you've both conferred, how long do you
12    want?
13             MR. FLOOD:  Your Honor, I understand some basics about
14    what's in the discovery just from prior proceeding in
15    magistrate court, but I would need at least three weeks to go
16    over it with Mr. Hall, depending -- because we are asking also
17    for the Court -- it doesn't have to be today if the Court
18    doesn't want to hear it, but at some point we are trying to
19    secure Mr. Hall's release to a long-term mental health and drug
20    treatment facility pending trial.  There are very significant
21    mental health and drug addiction issues that underlay this
22    offense.  That somewhat plays into the timing.  Either way,
23    though, if he's going to be at the MCC, I would need three
24    weeks.
25             THE COURT:  You say you're going to make a formal

1 application.

2  MR. FLOOD:  Yes, and I'm getting ahead of myself a
3 little bit.  I apologize.

4  THE COURT:  You don't have to apologize.

5  MR. FLOOD:  But the issue is if the Court wants to
6 hear that today or at a future date, that's really all that I'm
7 saying.

8  THE COURT:  That's up to you.  I'm happy to hear it
9 today, or if you want to put it over for a week, that's fine
10 with me too.

11  MR. FLOOD:  I'd proceed now if that's OK.

12  THE COURT:  You have no objection to his proceeding,
13 do you, or would you rather it was put over and you conferred
14 with him first?  Maybe there's going to be an issue as to
15 consent on the part of the government, whereas if you talked to
16 them ahead of time or her ahead of time, you may be able to get
17 it all done without any problem.

18  MR. FLOOD:  I understand, your Honor, and I have been
19 in touch with Ms. Dell throughout.  What the issue really is is
20 that Mr. Hall had a number of what's called a forensic ACT team
21 through a state case.

22  THE COURT:  Well, that's a separate case from this,
23 right?

24  MR. FLOOD:  Understood, but what that is is sort of
25 he's been, I guess, in the past year and a half, he was

hospitalized for some time and then stepped down into the community but then relapsed on drugs, which, when I was speaking with the supervisor of the forensic ACT team last week, she was to identify a placement for him, and we have not been able to touch base again. I tried this morning. I tried the end of last week. But in principle, regardless of the address of the placement, the point is the same, which is that this is a man with lifelong severe mental health issues, schizophrenia and a dual diagnosis with pretty profound drug addiction. So when those things come together, I'm sure the Court has seen, that's really a very difficult struggle to both treat and maintain a good --

      THE COURT: Hold on a second.

      MR. FLOOD: Sure.

      THE COURT: All right. I'm sorry. My phone was ringing. I just wanted to turn it off. I want to concentrate on you, not the phone.

      You were saying.

      MR. FLOOD: I've been working with the FACT team; that is, the forensic ACT team, to try to get a placement for Mr. Hall. They have been very helpful and very informative to me, and they have provided me, for example, with the regimen of medication that he has been on up and until his arrest. When, on the 20th of September, we were before the magistrate we provided information that made its way into a medical order,

Ja7WhalA

1  but we've supplemented that with the more detailed information
2  from the forensic ACT team.
3          There are a number of medications. I won't belabor the
4  Court with list now, but the bottom line is he's not getting
5  treated at the MCC.  We do not understand why.  We've been in
6  touch with BOP legal.  They are the people that I gave this
7  list to last week.  Ms. Dell, to her credit, has been very on
8  top of this as well, but as we stand here today, this man
9  hasn't had his psychiatric meds in some time.  He takes a
10 biweekly injection that's some pretty powerful psychotropic
11 medication.  There's some concern about his present placement
12 at the MCC not providing appropriate treatment, clearly, and I
13 know the Court doesn't know sometimes the full picture of this
14 incident, but it's clearly mental health-related, and our
15 objective is simply to get him into that program.
16         When I last spoke with the FACT people, their opinion
17 was assuming that, because they hadn't seen him since his
18 arrest, that it was more of a likely relapse issue than a
19 psychotic episode, but they have grave concerns about his
20 medication and they have contracts and facilities that they can
21 identify that are in New York City and the surrounding area,
22 where Mr. Hall can be placed long term and he can get the
23 treatment he needs in the meantime.  And as I've said to the
24 government, very clearly, I'm going to be making a submission
25 to them for some alternative resolution because of the nature

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    of Mr. Hall's condition and this offense.  So all that put
2    together, what we're asking for is the opportunity to arrange a
3    placement with the FACT team, which, by definition, would be a
4    residential long-term facility.
5              THE COURT:  Certainly you have the right, and I
6    compliment you on your concern about his well-being, to make
7    any arrangements or try to make the arrangements necessary to
8    ensure that he receives proper treatment, but as I indicated, I
9    think whatever you're going to present to me specifically, it
10   might be better if you contacted the prosecution with a
11   specific proposal so that they can analyze it, study it, and if
12   they agree, both of you present it to me, and unless there is
13   something about it that is untoward, if you both agree to it,
14   the likelihood is that you're going to get what you want.
15             MR. FLOOD:  Understood.
16             THE COURT:  But if you don't agree, I have to rule.
17             How long do you think it's going to take?
18             MR. FLOOD:  I was hoping we would have had it in place
19   by this morning.  We actually had to adjourn the bond hearing
20   last week for the same purposes.  I would hope by the end of
21   this week.
22             THE COURT:  All right.  Let's put it down for next
23   week.
24             MR. FLOOD:  Very good.
25             THE COURT:  I think Monday next week is the holiday.

1           MR. FLOOD:  That's right.
2           THE COURT:  Do you want to make it the 15th?
3           MR. FLOOD:  I could do it the afternoon of the 15th.
4           THE COURT:  Let me just check the afternoon for
5    myself.
6           MR. FLOOD:  I just have a 10:30.  That's all.
7           THE COURT:  How about the 16th?
8           MR. FLOOD:  Does the Court have midday?  I have a
9    presentence interview first thing in the morning.
10          THE COURT:  How about the 17th?
11          MR. FLOOD:  The 17th in the morning is fine.
12          THE COURT:  Yes.  11:00.
13          MR. FLOOD:  Very good.
14          THE COURT:  October 17.  That gives you plenty of time
15   to work out what you're trying to work out.
16          MR. FLOOD:  Yes, your Honor.
17          THE COURT:  The time is excluded from the provisions
18   of the Speedy Trial Act because the interests of justice are
19   best served by permitting counsel to confer with each other and
20   make whatever presentation is necessary to the Court.
21          October 17, 11:00.  Thank you very much.
22          MR. FLOOD:  Thank you, your Honor.
23          THE COURT:  OK.  Time is excluded.
24          (Adjourned)
25