

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 1, 2020

**BY ECF**
Hon. John K. Keenan
United States District Judge
500 Pearl Street
New York, NY 10007

  Re: *United States v. Robert William Hall*, 19 Cr. 709 (JFK)

Dear Judge Keenan:

  The Government respectfully submits this letter in advance of the July 7, 2020 sentencing of the defendant, Robert William Hall. For the reasons explained below, the Government submits that a sentence below the stipulated Guidelines range of 21 to 27 months imprisonment (the "Stipulated Guidelines Range") would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

  **I. Offense Conduct and Procedural Background**

  Early in the morning of September 19, 2019, the defendant entered a bank in the Bronx, New York ("Bank-1"). (PSR ¶¶ 10, 12.) While inside Bank-1, the defendant used a pipe to break a hole in an interior wall of Bank-1. (PSR ¶¶ 8, 12.) The wall separated a mechanical room and a break room. (PSR ¶ 8.) Once inside the break room, the defendant unsuccessfully tried to open the lock on the vault, and then left Bank-1. (PSR ¶ 12.) Later in the day on September 19, 2019, the defendant was arrested. (PSR ¶ 11.) After the defendant was advised of and waived his <u>Miranda</u> rights, he admitted to entering Bank-1 and attempting to open the lock on the bank's vault. (PSR ¶ 12.) Bank-1 determined that the damage to the wall caused by the defendant was $4,213.46. (PSR ¶ 14.)

  On February 19, 2020, the defendant pled guilty, pursuant to a plea agreement dated February 7, 2020, to Count One of the Indictment, which charged him with bank burglary, in violation of Title 18 United States Code, Sections 2113(a) and 2. Under the plea agreement, the total offense level, after accounting for acceptance of responsibility, is 10, and the defendant has 10 criminal history points, which results in criminal history category V. Accordingly, the

Stipulated Guidelines Range is 21 to 27 months imprisonment.[1]  Pursuant to the plea agreement, the defendant agreed to make restitution in the amount of $4,213.46.

On April 22, 2020, the Court signed an order releasing the defendant from custody because, among other reasons, he was a high-risk inmate who is especially vulnerable to contracting COVID-19.  (Doc. No. 23.)

## II. Discussion

### A. Applicable Law

The Guidelines still provide important guidance to the Court following *United States v. Booker,* 543 U.S. 220 (2005), and *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005).  Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker,* 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States,* 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(l)-(7). *See Gall,* 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant;
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

---

[1] The Probation Office determined that the defendant has 17 criminal history points and, therefore, is in criminal history category VI and has a guidelines range of 24 to 30 months.  (PSR ¶¶ 89-90.)  The Government has reviewed the underlying court documents that differed from the rap sheet upon which the Government relied to calculate the Stipulated Guidelines Range, and agrees that the defendant has 17 criminal history points.  Regardless, as explained further below, the Government is recommending a sentence that is below the Stipulated Guidelines Range.

### B. A Below Guidelines Sentence Is Appropriate in this Case.

While the Court should consider the Guidelines range applicable in this case, the Government agrees with the United States Probation Office that a below guidelines sentence is appropriate in this case and would still reflect the seriousness of the offense and serve to deter the defendant from engaging in further criminal activity, and would serve the purposes of general deterrence.

While living in a homeless shelter, the defendant committed a serious crime by breaking into Bank-1 in the middle of the night and attempting to enter Bank-1's vault. The defendant committed this crime after sustaining numerous prior convictions.

Nevertheless, the Government recognizes that several factors weigh in favor of a below guidelines sentence in this case. As initial matter, the defendant already served approximately seven months of any potential sentence in the MDC without incident before he was released on bail in late April. Moreover, the defendant's crime was not violent, and he did not personally gain any money from the crime. Finally, the defendant's personal characteristics, including his age, health, and difficult upbringing and experiences, weigh in favor of a below guidelines sentence. As is described in the PSR, the defendant has suffered from mental health and substance abuse problems since he was a teenager. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. While on home confinement with this mother, the defendant has been able to participate in telehealth mental health services. As the Probation Office has acknowledged, imposing a Guidelines sentence might disrupt progress the defendant has made while on home confinement. Accordingly, considering that the defendant was already incarcerated for seven months, as long as the defendant continues to participate in mental health treatment and is able to receive substance abuse treatment, a below guidelines sentence would adequately balance the various considerations under § 3553(a) and achieve the statute's stated objectives.

### III. Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a below guidelines sentence, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

by: /s/ Rebecca T. Dell
Rebecca T. Dell
Assistant United States Attorney
(212) 637-2198