```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          19 CR 709 (JFK)

ROBERT WILLIAM HALL,

            Defendant.

------------------------------x
                                        New York, N.Y.
                                        June 8, 2022
                                        11:23 a.m.

Before:

                HON. LORETTA A. PRESKA,

                                        District Judge

                     APPEARANCES

DAMIAN WILLIAMS,
     United States Attorney for the
     Southern District of New York
BY:  REBECCA DELL
     Assistant United States Attorney

DAVID PATTON
FEDERAL DEFENDERS OF NEW YORK
     Attorney for Defendant
BY:  CHRISTOPHER FLOOD


ALSO PRESENT:  DARRYL SPENCER, Probation

               BEATRICE EDMONDS, AUSA Intern
```

1             (In open court)

2             (Case called)

3             THE COURT:  All right.  *United States against Robert William Hall*.  Is this government ready?

5             MS. DELL:  Yes, your Honor.  Rebecca Dell on behalf of the government, and I'm joined by Probation Officer Darryl Spencer.

8             THE COURT:  Morning.  Thank you.

9             And is the defense ready?

10             MR. FLOOD:  Yes, your Honor.  Good morning.  Christopher Flood, Federal Defenders of New York on behalf of Mr. Hall, who's present, and we're prepared to proceed.

13             THE COURT:  Yes, sir.  Good morning.

14             How would you like to proceed this morning, counsel?

15             MS. DELL:  Your Honor, I've spoken with defense counsel, and the defendant is prepared to plead to specifications one through three and proceed straight to sentencing, at which time, the government would dismiss the remaining specifications.

20             THE COURT:  So you're going to dismiss the burglary related ones?

22             MS. DELL:  Yes, your Honor.

23             THE COURT:  Thank you.

24             Mr. Hall, would you stand and raise your right hand, please?

1              (Defendant sworn)

2              Yes, thank you, sir.  Now, sir, do you understand that

3    you're now under oath, and if you answer my questions falsely,

4    your answers may later be used against you in a prosecution for

5    perjury or the making of a false statement?  Do you understand

6    that, sir?

7              THE DEFENDANT:  Yes, I do.

8              THE COURT:  How old are you, sir?

9              THE DEFENDANT:  54 years old.

10             THE COURT:  And where were you born?

11             THE DEFENDANT:  New York City.

12             THE COURT:  So you're a citizen of the United States?

13             THE DEFENDANT:  Yes.

14             THE COURT:  And you read, write, speak and understand

15   English; is that right?

16             THE DEFENDANT:  Yes, Judge.

17             THE COURT:  How far did you go in school, sir?

18             THE DEFENDANT:  Eleventh grade, 12th.

19             THE COURT:  Mr. Hall, if you want to sit down, that's

20   fine so you can speak more directly into the microphone for the

21   court reporter.  Thank you, Mr. Flood.

22             Now, sir, are you currently under the influence of any

23   substance, such as alcohol, drugs or any medication that might

24   affect your ability to understand what you're doing here in

25   court today?

1     THE DEFENDANT:  No.

2     THE COURT:  And do you feel well enough to understand
3  what you're doing here in court today?

4     THE DEFENDANT:  Yes, I am.  Yes.

5     THE COURT:  And, Mr. Flood, have you had an
6  opportunity to talk with Mr. Hall, and are you confident that
7  he is in a good frame of mind and able to understand what he's
8  doing this morning?

9     MR. FLOOD:  Yes to all the above, your Honor.

10     THE COURT:  Yes, sir.  Thank you.

11     Now, Mr. Hall, have you received a copy of the
12  specifications that are alleged against you?  I see it in your
13  hand.

14     THE DEFENDANT:  Yes.

15     THE COURT:  But you have to say yes to me.

16     THE DEFENDANT:  Yes, yes, yes.

17     THE COURT:  And have you gone over them with
18  Mr. Flood?

19     THE DEFENDANT:  Yes.

20     THE COURT:  And has he explained to you what they're
21  all about?

22     THE DEFENDANT:  Yes.

23     THE COURT:  Do you understand that if you deny these
24  allegations, you have the right to have a hearing about them?
25  Do you understand that?

1  THE DEFENDANT:  Yes.

2  THE COURT:  And am I correct that after speaking with
3  Mr. Flood, you've decided that it's in your best interest to
4  admit to the first three specifications; is that right?

5  THE DEFENDANT:  Right, right, right, right.

6  THE COURT:  Okay.  Specification one says on or before
7  July 9, 2020, the supervisee -- that's you -- used a controlled
8  substance, to wit, cocaine.  Do you admit or deny that
9  allegation, sir?

10  THE DEFENDANT:  I admit it.  I don't deny it.

11  THE COURT:  Okay.  And is it true that on or about
12  July 9 of 2020 you did use cocaine?

13  THE DEFENDANT:  Yes, that's right.

14  THE COURT:  And you knew that was a violation of the
15  terms and conditions of your supervised release; is that right?

16  THE DEFENDANT:  Yes, yes.

17  THE COURT:  Okay.  Thank you.

18  Sir, violation No. 2 states on or before October 21,
19  2020, the supervisee used a controlled substance, to wit,
20  cocaine.  Do you admit or deny that allegation?

21  THE DEFENDANT:  I admit.  I admit.

22  THE COURT:  And is it true that on or about October 21
23  of 2020, you used cocaine?

24  THE DEFENDANT:  Yes, that's right.

25  THE COURT:  And, of course, you knew that was a

1  violation of the terms and conditions of your supervised
2  release, correct?
3          THE DEFENDANT:  Correct, correct.
4          THE COURT:  And, sir, violation No. 3 alleges on or
5  before November 24, 2020, the supervisee used a controlled
6  substance, to wit, cocaine.  Do you admit or deny that
7  allegation?
8          THE DEFENDANT:  I admit.  I admit.
9          THE COURT:  And is it true that on or about
10 November 24 of 2020, you used cocaine?
11         THE DEFENDANT:  Yes.  Yes, your Honor.
12         THE COURT:  And, obviously, you knew that was a
13 violation of the terms and conditions of your supervised
14 release, correct?
15         THE DEFENDANT:  Correct, right.
16         THE COURT:  Thank you, sir.
17         Is there anything further, Ms. Dell, by way of
18 allocution?
19         MS. DELL:  No, your Honor.
20         THE COURT:  Mr. Flood, do you know of any reason why
21 Mr. Hall should not admit these allegations?
22         MR. FLOOD:  I do not, your Honor.
23         THE COURT:  Very well, then.  I find that Mr. Hall is
24 guilty of violations of specifications one, two, and three.
25         Counsel, I understand you would like to go directly to

1    sentencing?

2    MR. FLOOD:  That's correct, your Honor.

3    THE COURT:  Mr. Flood, would you like to speak on
4    behalf of Mr. Hall?

5    MR. FLOOD:  Thank you, your Honor.  I'd like to.

6    I don't know how much background the Court has on
7    Mr. Hall, but let me give the Court an overview.  Mr. Hall is a
8    man with profound challenges in his life.  He has severe mental
9    illness.  He, obviously, has a severe addiction problem,
10   particularly to cocaine, and he has organic brain damage, an
11   organic brain injury.

12   He, notwithstanding, is a kind hearted, thoughtful and
13   good humored person, and has many struggles in his life but is
14   able to keep generally in balance with a level of supervision
15   that I don't think probation is equipped to provide.

16   However, he also, with the burglary specifications, he
17   has open state cases.  And both Ms. Dell, the government, and I
18   have been in touch with counsel on both sides for those state
19   cases.  He's eligible, pending an evaluation, for what's called
20   Mental Health Court, which is a relatively new development,
21   it's my understanding, in state court.

22   That will be able to use the vehicle of those Bronx
23   and Manhattan cases to be able to get Mr. Hall into kind of
24   very close supervision with graduated levels of treatment and
25   graduated sanctions for any slippage, which is really what's

8
M68PHALV

1   appropriate for him.

2   A lot of his issues are just going to be lifelong
3   issues for him. He has wonderful support of a very caring
4   mother, who couldn't be here today. She's getting up there in
5   years, but with the support that Mental Health Court can
6   provide, any concerns about recidivism, that's going to be the
7   best tool to help Mr. Hall moving forward.

8   So what we're asking -- oh, and one other thing, your
9   Honor, sorry, is that he has been incarcerated since February
10  of 2021, I believe February 20th. So it's the better part of
11  16 months, by my back-of-the-envelope calculation. The
12  guideline sentence here for grade C violations would be between
13  eight and 14 months. So he's exceeded the top end of the
14  guidelines.

15  What we would ask is that the Court simply sentence
16  him to time served, and what will happen then is he will be
17  produced back to Rikers Island to then, in July, see the state
18  court for whether or not he's going to get into Mental Health
19  Court.

20  THE COURT: Thank you. Mr. Hall?
21  THE DEFENDANT: Yes.
22  THE COURT: Would you like to speak on your own
23  behalf?
24  THE DEFENDANT: Everything my lawyer has just
25  discussed with you pertaining to my mental disease and mental

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  illness is true. I have a long, you know, a psychiatric
2  mental --
3           THE COURT: History, right?
4           THE DEFENDANT: -- history, and I'm trying to resolve,
5  you know, the mental state of mind. And I put myself into, you
6  know what I'm saying, because I don't want to keep going on and
7  doing drugs and drinking and, you know what I'm saying, all
8  this, in particular behavior.
9           THE COURT: Yes, sir.
10          THE DEFENDANT: I want to go ahead. I'm getting too
11 old for this. I don't want to go to sleep and not wake up.
12 You know what I'm saying? I don't want drugs to be my lifetime
13 story, the end of myself. You know what I'm saying? I want my
14 life to continue. Do you know what I'm saying?
15          THE COURT: Yes, sir.
16          THE DEFENDANT: So basically, I'm trying to, you know,
17 work with the courts for this mental health treatment program
18 so I can be rehabilitated, you know, with the medication
19 because I'm on a lot of medication right now. And I want to
20 continue to take the medication because drugs is not the
21 answer. This is what drugs lead me to do, you know, in this
22 place and this situation. I'm trying to get out of the
23 situation right now.
24          THE COURT: Yes, sir.
25          THE DEFENDANT: I want the Mental Health Treatment

1  Court to assist me with this mental disease and this mental
2  illness I'm suffering from right now.
3        THE COURT:  Yes, sir.  Well said.
4        Does the government wish to be heard?
5        MS. DELL:  Yes, your Honor.  The government agrees
6  with defense counsel that, at this point, for Mr. Hall, the
7  best course would be for him to finish his evaluation for
8  Mental Health Court.  And I've spoken to the ADA over there,
9  and they're optimistic that he'll be admitted there, and we
10 think the treatment that he would get there is really the best
11 course for him.  So we agree with defense counsel.
12       THE COURT:  Thank you.  Officer, is there anything you
13 want to add?
14       MR. SPENCER:  No, your Honor, unless you have any
15 questions about the case.
16       THE COURT:  Thank you very much.
17       Very well, counsel.  I certainly have taken into
18 account the nature of the offenses, but I also take into
19 account Mr. Hall's history and characteristics, and mostly I
20 take into account his mental situation and his desire to help
21 himself by getting into the Mental Health Court treatment
22 program.
23       Taking all of those factors into account, it's my
24 intention to impose a sentence of time served for Mr. Hall.
25       And, counsel, I take it, in light of the situation

11
M68PHALV

|  |  |
|---|---|
| 1 | with the state court, that you are not recommending any further |
| 2 | supervised release from this court; is that correct? |
| 3 | MS. DELL: That's correct. |
| 4 | THE COURT: Okay. So it would be my intention not to |
| 5 | impose any further supervised release. |
| 6 | Is there any reason, counsel, why such a sentence |
| 7 | should not be imposed? |
| 8 | MR. FLOOD: Not from the defense, your Honor. |
| 9 | MS. DELL: Not from the government. |
| 10 | THE COURT: Very well, then. Mr. Hall, you're |
| 11 | sentenced, sir, to time served. |
| 12 | THE DEFENDANT: Okay. |
| 13 | THE COURT: As you heard what counsel said, you will |
| 14 | be returned to Rikers and await the action by the state court |
| 15 | on your request to go into mental health treatment. |
| 16 | THE DEFENDANT: All right. |
| 17 | THE COURT: It's my duty to inform you, sir, that |
| 18 | unless you have waived it, you have the right to appeal this |
| 19 | sentence, and you might be able to appeal in forma pauperis, |
| 20 | which means as a poor person, with the waiver of certain fees |
| 21 | and expenses. |
| 22 | Counsel, is there anything further today? |
| 23 | MR. FLOOD: Nothing from the defense, your Honor. |
| 24 | MS. DELL: Not from the government. |
| 25 | THE COURT: Thank you. |

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

12
M68PHALV

1          Mr. Marshal, we're doing an order for you now.

2          Now, Mr. Hall --

3          THE DEFENDANT:  Yes.

4          THE COURT:  -- let me just sign your order for you.

5          THE DEFENDANT:  I'm going to sign or you?

6          THE COURT:  I'm going to sign it so that the marshals

7   know that they're allowed to send you back to Rikers.

8          THE DEFENDANT:  Today?

9          THE COURT:  Yes, I'm informed by my friend, the

10  marshal, that it will be today.

11         THE DEFENDANT:  Okay, okay.

12         THE COURT:  Now, listen, Mr. Hall.

13         THE DEFENDANT:  Yes.

14         THE COURT:  You spoke very well about what you want to

15  do.

16         THE DEFENDANT:  Yes.

17         THE COURT:  You are so correct that drugs are not the

18  not the answer.

19         THE DEFENDANT:  Not the answer.

20         THE COURT:  The Mental Health Court and the medication

21  that the doctors recommend for you, those are what's going to

22  help you.  All right, sir?

23         THE DEFENDANT:  Yes.

24         THE COURT:  How old is your mom?

25         THE DEFENDANT:  60, 70, I don't -- I'm not -- I don't

1  take accountability for her age because she don't discuss it
2  with me, you know.
3         THE COURT:  Okay.
4         THE DEFENDANT:  I'm too young to know her age, that's
5  what she say.
6         THE COURT:  That's good, but you be sure you make her
7  proud now.  All right?
8         THE DEFENDANT:  All right.  All right.
9         THE COURT:  Okay.  Good luck to you.
10        THE DEFENDANT:  God bless you, all right?
11        THE COURT:  God bless you, sir.
12        THE DEFENDANT:  All right.  Take it easy.
13        THE COURT:  Mr. Marshal, thank you.
14        Other charges?
15        MS. DELL:  The government moves to dismiss the other
16 specifications.
17        THE COURT:  So ordered.
18        Thank you, counsel.  Good morning.
19        Good morning, Mr. Hall.  Keep up the good work.
20        THE DEFENDANT:  The Lord works in mysterious ways.
21        THE COURT:  All right.  Thank you.  Good morning.
22        (Adjourned)
23
24
25